**Wayne Anthony ARDOIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–96–246 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Oct. 6, 1997.

Decided Oct. 15, 1997.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This appeal arises from appellant's conviction for possession of a controlled substance. Appellant was indicted for the felony offense of Possession of a Controlled Substance/Habitual Offender by intentionally and knowingly possessing a controlled substance, i.e., cocaine. Appellant entered a plea of not guilty and trial was to a jury. After hearing the evidence, the jury returned a verdict of guilty as charged in the indictment. Appellant was sentenced to confinement in a State Jail facility for a term of two years, probated for a term of five years, and assessed a fine of $5,000. In addition, appellant was ordered to serve 365 days upfront in a State jail.

From the judgment and sentence, appellant has perfected this appeal.

## FACTS

On September 13, 1995, shortly after midnight, Officer John Nobles and sheriff's deputy Gary Martin were on patrol in Jefferson County, Texas. The officers witnessed a traffic offense—failure to give a turn signal—and subsequently stopped the vehicle in question. There were four occupants in the car.

As Nobles approached the vehicle, he noticed the driver leaning downward and could not see the driver's hands. Nobles testified that at the time he was in fear of the driver going for a weapon and thus had all the occupants exit the car; such being standard operating procedure. Both officers testified that they believed, given the circumstances presented, there was a possible emergency situation requiring having the occupants exit the car. While the driver and occupants were exiting the car Nobles looked where he earlier saw the driver leaning down and saw a wooden handle extending out from under the driver's seat. Nobles leaned downward and shined his flashlight on the handle. Nobles testified he was only interested in searching the area where he saw the driver reaching. The handle resembled that of a gun handle but actually was a molded wooden handle like that seen on a walking cane. Next to the handle, however, was a "square cut white rock," in plain view, on the floorboard.

Suspecting the rock to be cocaine, Nobles took possession of it and placed the driver of the car—Ardoin—under arrest. Believing Ardoin to be the only person with access to the rock, Nobles did not take the other occupants of the car into custody. Ardoin was the driver of the car, the keys were in his possession, and he was the individual seen reaching towards the floorboard. The rock was later identified as being cocaine.

## ANALYSIS

Appellant brings one point of error: "The trial court erred in denying appellant's motion to suppress the controlled substance." Prior to trial, Ardoin filed a written motion

to suppress the evidence seized as a result of the arrest. The trial court denied Ardoin's motion to suppress and admitted the cocaine into evidence. Ardoin urges "that the controlled substance was inadmissible, seized as a result of an illegal and unlawful search, and the trial court erred in admitting testimony concerning the cocaine, as well as the cocaine itself." He argues that the search of the vehicle was impermissible since appellant had been stopped for a traffic offense only, there was no suspicion of wrongdoing, and that once appellant and the occupants of the vehicle had exited the vehicle there was no danger to the safety of the officers.

### Standard of Review

■ Appellate courts should afford total deference to a trial court's rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.App. Sept.24, 1997). Appellate courts may review *de novo* "mixed questions of law and fact" not falling within this category. *Id.* Therefore, because the trial court's decision to grant or deny the motion to suppress turned on the court's assessment of witness credibility and demeanor, we will review the record applying a deferential, abuse of discretion standard of review.

■ A ruling on a motion to suppress lies within the sound discretion of the trial court. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996). At the hearing on the motion, the trial court serves as the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id.; Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim.App.1990). The reason for this rule, as stated by the Court of Criminal Appeals in *Villarreal* is:

> [T]he trial court, who observes the demeanor and appearance of the witnesses, is in a better position to determine their credibility than the appellate court is by reading their testimony as it appears in the record. Therefore, an appellate court must view the record evidence and all rea-

sonable inferences therefrom in the light most favorable to the trial court's ruling, and must sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case.

*Villarreal*, 935 S.W.2d at 138. Therefore, absent a clear showing of an abuse of discretion, we will not disturb the trial court's ruling.

### Protective Searches—Legality of the Search

■ During the course of a temporary detention an officer may conduct a limited search for weapons if reasonably warranted for his safety or the safety of others. *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889, 909 (1968). The search may include the passenger compartment of an automobile if the "police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." *Michigan v. Long*, 463 U.S. 1032, 1050–51, 103 S.Ct. 3469, 3481, 77 L.Ed.2d 1201 (1983), quoting *Terry*, 392 U.S. at 21, 88 S.Ct. at 1880; *see also, Goodwin v. State*, 799 S.W.2d 719, 728 (Tex.Crim.App.1990). The search must be limited to areas in which a weapon may be hidden. *Long*, 463 U.S. at 1049, 103 S.Ct. at 3480–81. "[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.* at 1050, 103 S.Ct. at 3481.

■ In the instant case, Officer Nobles testified that he observed appellant leaning forward and that he could not see his hands. The officer was immediately concerned that this might be a possible emergency situation—that appellant might have a weapon. While appellant was exiting the vehicle the officer saw what he believed to be the handle of a gun and for his safety he wanted to look at that area to check for weapons. The search was limited to the specific area where the driver was seen leaning. This area was both suitable and accessible as a place for a driver to conceal a weapon. Under these

circumstances, Officer Nobles was justified in conducting the weapons search to neutralize the possible danger to himself and the other officer.[1]

Appellant argues the search was not a permissible weapons search because "once appellant and the other occupants of the vehicle had been removed from the vehicle, there was obviously no threat of any weapon whatsoever to the safety of the officers." This reasoning is incorrect. Although during an investigative detention the suspect is "in the control" of the officers in that he may be briefly detained against his will, he may break away from police control and retrieve a weapon from his vehicle. *Id.* at 1051–52, 103 S.Ct. at 3481–82. Additionally, if the suspect is not placed under arrest, he will be allowed to reenter his automobile, and will then have access to any weapons inside. *Id.* Given the circumstances of this case, the officers were clearly justified in their reasonable belief that Ardoin posed a danger if he were permitted to reenter his vehicle. The trial court was justified in concluding that Officer Nobles articulated reasonable grounds to fear for his personal safety and to conduct a protective search of the vehicle.

### Seizure of the Contraband

In *Long,* the seizure of contraband other than weapons during a lawful *Terry* search was justified under the "plain view doctrine." "If, while conducting a legitimate *Terry* search of the interior of the automobile, the officer should ... discover contraband other than weapons, he clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances." *Id.* at 1050, 103 S.Ct. at 3481. Under the "plain view" doctrine, the warrantless seizure of

private possessions is permissible when: 1) an officer's initial intrusion is proper; and 2) it is immediately apparent the item seized constitutes evidence (i.e., there is probable cause to associate the item with criminal activity). *Ramos v. State,* 934 S.W.2d 358, 365 (Tex.Crim.App.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1556, 137 L.Ed.2d 704 (1997).

In the instant case, the initial intrusion resulted from a proper stop of appellant's vehicle. While conducting a valid protective search for weapons, Nobles found the rock of cocaine laying on the floorboard in plain view. The officer's observation of the cocaine on the vehicle's floorboard satisfied the "immediately apparent" requirement of the "plain view" doctrine. Therefore, the seizure of the cocaine was proper.

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's ruling, we find the trial court acted properly in denying Ardoin's motion. The court's ruling was reasonably supported by the record and is correct on theories of law applicable to the case. Appellant's sole point of error is overruled.

AFFIRMED.

---

**1.** Appellant relies on *Lippert v. State,* 664 S.W.2d 712 (Tex.Crim.App.1984) for the proposition that there was no justification for the search of appellant's vehicle. In *Lippert,* the appellant arrived at a residence where a valid search was in progress. Without having any reasonable belief that appellant was armed and dangerous or involved in criminal activity, the officers searched appellant. *Id.* at 715–16. Several factors were enunciated by the Court to consider where a search may be invalid. These factors included, but were not limited to the following: 1) no flight or no furtive gestures or sudden movements towards a pocket or other place where a weapon might be concealed; 2) no threats made and no attempt made to resist detention; 3) appellant is not shown to be committing or about to commit any criminal offense and; 4) appellant does not seem to be under the influence of alcoholic beverages or drugs. *Id. Lippert* is distinguishable from the case at bar; Ardoin made a furtive gesture when he leaned forward to an area where a weapon could have been concealed thus giving rise to suspicion that a weapon was being hidden.