COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-151-CR

 

 

THE STATE OF TEXAS                                                         APPELLANT

 

                                                   V.

 

DAVID RAMIREZ                                                                    APPELLEE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In a single point, the State
seeks a reversal of the trial court=s order granting David Ramirez=s motion to suppress evidence. 
We reverse the trial court=s order and remand the case to the trial court.

                                          BACKGROUND








Around ten o=clock at night, Denton Police Officer Adam Deweber stopped Appellee=s vehicle for failing to signal a turn.  Officer Deweber investigated a furtive
movement by Appellee, which led him to search the vehicle=s passenger compartment.[2]  He discovered drug paraphernalia and arrested
Appellee, then found marijuana in a subsequent vehicle search incident to
arrest.

Thereafter, Appellee was
charged with possession of less than two ounces of marijuana and he filed a
pretrial motion to suppress the State=s evidence.  Officer Deweber was
the sole witness to testify at the suppression hearing.[3]  After the hearing, the trial judge entered an
order granting Appellee=s motion,
which contained his findings of fact and conclusions of law.

 

 

 

 








                                    MOTION TO SUPPRESS

The State argues that the
trial court abused its discretion in granting Appellee=s motion to suppress because Officer Deweber had reasonable suspicion
to conduct a search for officer safety based on Appellee=s furtive movements, and therefore, he was justified in searching the
passenger compartment of Appellee=s vehicle. 

Standard Of Review








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999).  Therefore, we give
almost total deference to the trial court=s rulings on (1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Montanez v. State, 195 S.W.3d 101, 108‑09
(Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652‑53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d).  But when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.

Stated another way, when
reviewing the trial court=s ruling on
a motion to suppress, we must view the evidence in the light most favorable to
the trial court=s
ruling.  Kelly v. State, 204
S.W.3d 808, 818 (Tex. Crim. App. 2006). 
When the trial court makes explicit fact findings, we determine whether
the evidence, when viewed in the light most favorable to the trial court=s ruling, supports those fact findings.  Id. 
We then review the trial court=s legal ruling de novo unless its explicit fact findings that are
supported by the record are also dispositive of the legal ruling.  Id. 
We must uphold the trial court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case, even if the trial court gave the wrong reason
for its ruling.  Armendariz v. State,
123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974
(2004); Ross, 32 S.W.3d at 856; Romero, 800 S.W.2d at 543.








When the trial court grants a
motion to suppress and files accompanying findings of fact and conclusions of
law, and the sole witness at the motion to suppress hearing was the arresting
officer, the only question before us is whether the trial court properly
applied the law to the facts it found.  See
State v. Gray, 158 S.W.3d 465, 467, 469 (Tex. Crim. App. 2005); Carmouche,
10 S.W.3d at 327‑28; Guzman, 955 S.W.2d at 86‑87, 89.  This is especially true in a case in which
the State has not contested the trial court=s findings of fact and the trial court=s findings show that the court believed the arresting officer but
concluded his testimony was insufficient as a matter of law.  See Ross, 32 S.W.3d at 856‑58; Guzman,
955 S.W.2d at 89.  In this case, we
review the trial court=s ruling de
novo.  Gray, 158 S.W.3d at 467,
469.

Fourth Amendment








The Fourth Amendment protects
against unreasonable searches and seizures. 
U.S. Const. amend.
IV.  To suppress evidence because of an
alleged Fourth Amendment violation, the defendant bears the initial burden of
producing evidence that rebuts the presumption of proper police conduct.  Torres v. State, 182 S.W.3d 899, 902
(Tex. Crim. App. 2005); Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim.
App. 2005).  A defendant satisfies this
burden by establishing that a search or seizure occurred without a
warrant.  Torres, 182 S.W.3d at
902; Ford, 158 S.W.3d at 492. 
Once the defendant has made this showing, the burden of proof shifts to
the State, which is then required to establish that the search or seizure was
conducted pursuant to a warrant or was reasonable.  Torres, 182 S.W.3d at 902; Ford,
158 S.W.3d at 492.  In this case, it is
undisputed that this was a warrantless search.

Whether a search is
reasonable is a question of law that we review de novo.  Kothe v. State, 152 S.W.3d 54, 62
(Tex. Crim. App. 2004).  Reasonableness
is measured by examining the totality of the circumstances.  Id. at 63.  It requires a balancing of the public
interest and the individual=s right to be free from arbitrary detentions and intrusions.  Id. 
A search conducted without a warrant is per se unreasonable unless it
falls within one of the Aspecifically
defined and well‑established@ exceptions to the warrant requirement.  McGee v. State, 105 S.W.3d 609, 615
(Tex. Crim. App.), cert. denied, 540 U.S. 1004 (2003); see Best,
118 S.W.3d at 862.

Here, the trial court made
the following explicit findings of fact:

$      The officer was credible in his testimony.

$      The officer stopped [Appellee] for failure
to signal a turn.

 

$      While the officer was running [a warrant
check] on [Appellee] after having contacted him for his driving information,
[Appellee] moved as if he were reaching under his seat.

 

$      The officer removed [Appellee] from his automobile
and searched him for officer safety and then either searched under the seat for
officer safety or based on consent. (Emphasis added.)








$      The officer found [two] marijuana pipes
which he identified from smell and placed [Appellee] under arrest for drug
paraphernalia. 

Upon reviewing the record, in the light most
favorable to the trial court=s ruling, we conclude that the evidence supports these fact findings.  See Kelly, 204 S.W.3d at 818.  Therefore, the only question before us is
whether the trial court properly applied the law to these facts.  See Gray, 158 S.W.3d at 467, 469; Carmouche,
10 S.W.3d at 327‑28; Guzman, 955 S.W.2d at 86‑87, 89.

The trial court made the
following conclusions of law:

$      [Appellee] was legally stopped.

$      The officer reasonably removed [Appellee]
from the motor vehicle and patted him down for a weapon based on his belief
that [Appellee] was possibly reaching for a weapon.

 

$      The officer lacked probable cause or
reasonable suspicion to search the motor vehicle for officer safety,
because the officer failed to articulate the reason for the search of the
motor vehicle for officer safety. (Emphasis added.)

 

$      The State failed to show by clear and
convincing evidence that consent was clearly given, so the search based on
consent is denied.[4]








The State argues that Officer
Deweber=s initial search of Appellee=s vehicle was reasonable as a warrant exception for officer
safety.  We review de novo the trial
court=s legal conclusion on this issue. 
Gray, 158 S.W.3d at 467, 469.

Officer Safety








An officer who lawfully
detains a suspect for the purpose of investigation may conduct a limited search
for weapons where it is reasonably warranted for his safety.  See Hoag v. State, 728 S.W.2d 375,
380-81 (Tex. Crim. App. 1987); see also Terry v. Ohio, 392 U.S.1, 21-22,
88 S. Ct. 1868, 1880 (1968).  Where
officers have temporarily detained a driver under Terry, they may
conduct a protective search of those parts of the passenger compartment where a
weapon may be hidden if they have a reasonable belief, based on Aspecific and articulable facts,@ that the detainee is dangerous and may gain access to a weapon.  See Michigan v. Long, 463 U.S. 1032,
1049-50, 103 S. Ct. 3469, 3481 (1983) (citing Terry, 392 U.S. at 21, 88
S. Ct. at 1880); see also Cunningham v. State, 11 S.W.3d 436, 440 (Tex.
App.CHouston[14th Dist.] 2000, no pet.) (stating that when an officer makes
a valid traffic stop, he is entitled to take sufficient measures to guarantee
his safety).  Of course, the protective
search of a vehicle, being justified solely by the danger that weapons stored
there could be used against the officers or bystanders, must be Alimited to those areas in which a weapon may be placed or hidden.@  Long, 463 U.S. at 1049,
103 S. Ct. at 3480-81; see also Minnesota v. Dickerson, 508 U.S. 366,
374, 113 S. Ct. 2130, 2136 (1993).  But
if, while conducting a legitimate Terry search of the vehicle=s interior, the officer discovers contraband other than weapons, he
clearly cannot be required to ignore the contraband, and the Fourth Amendment
does not require its suppression in such circumstances.  Long, 463 U.S. at 1050, 88 S. Ct. at
1880.

In the instant case, Officer
Deweber testified that he observed Appellee slump down and that he lost
complete sight of Appellee=s head.[5]  He testified that this made him think that
Appellee was either trying to put something under the seat or retrieve
something and that he became concerned that Appellee was either reaching for or
trying to hide a weapon.  Marijuana pipes
were found in the center console, within easy reach of where Appellee sat
before the officer removed him from the vehicle.  Because the console was adjacent to the
driver=s seat, and because Officer Deweber saw Appellee acting like he was
trying to hide something, it was reasonable for Officer Deweber to include the
console in his protective search.  See
Ardoin v. State, 955 S.W.2d 420, 422 (Tex. App.CBeaumont 1997, no writ) (holding search reasonable when search was
limited to specific area where driver was seen leaning).








Appellee argues that the
search was not a permissible weapons search because Aafter Appellee was removed from his vehicle a second officer arrived
and stood next to Appellee@ at the rear of the vehicle, so that Appellee had no access to the
vehicle=s interior.  Because Appellee
was being watched by another officer, Appellee claims that Officer Deweber
could have had no fear for officer safety. 
This reasoning is incorrect.








During an investigative
detention, the suspect is Ain the control@ of the
officers in that he may be briefly detained against his will.  Long, 463 U.S. at 1051‑52, 103
S. Ct. at 3482.  However, he may still
break away from police control and retrieve a weapon from his vehicle.  Id. at 1051-52, 103 S. Ct. at
3482.  Additionally, if the suspect is
not placed under arrest, he will be allowed to reenter his automobile and will
then have access to any weapons inside.  Id.
at 1051-52, 103 S. Ct. 3482.  Here,
around ten p.m., Officer Deweber saw Appellee make furtive movements in the
driver=s seat after he stopped Appellee for a traffic violation.  His testimony about his concern for officer
safety, combined with Appellee=s furtive movements, provided a sufficient basis to search not only
underneath the driver=s seat, but
other areas within the passenger compartment where a weapon could reasonably be
accessible, even with another officer present. 
See id at 1051‑52, 103 S. Ct. 3482; see also Hoag,728
S.W.2d at 380‑81.  Given these
circumstances, we conclude that it was objectively reasonable for Officer
Deweber to conduct a protective search that included the console where the marijuana
pipes were found.  We sustain the State=s point.

                                           CONCLUSION

Having sustained the State=s point, we reverse the trial court=s order granting the motion to suppress and remand the case to the
trial court for further proceedings.  See
Tex. R. App. P. 43.2(d).

 

 

PER CURIAM

PANEL F: 
HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: January 4, 2007











[1]See Tex.
R. App. P. 47.4.





[2]Neither the trial court=s findings of fact nor the
suppression hearing record detail the extent of the initial search of the
vehicle=s passenger compartment.





[3]Officer Deweber=s squad car was equipped with video
equipment that was operating that evening, and he wore a roaming
microphone.  The trial court admitted and
viewed the tape during the suppression hearing.





[4]The State does not appeal the trial
court=s ruling on the consent issue.





[5]The videotape confirms Officer
Deweber=s testimony.