COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-151-CR

THE STATE OF TEXAS APPELLANT

V.

DAVID RAMIREZ APPELLEE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a single point, the State seeks a reversal of the trial court’s order  granting David Ramirez’s motion to suppress evidence.  We reverse the trial court’s order and remand the case to the trial court. 

BACKGROUND

Around ten o’clock at night, Denton Police Officer Adam Deweber stopped Appellee’s vehicle for failing to signal a turn.  Officer Deweber investigated a furtive movement by Appellee, which led him to search the vehicle’s passenger compartment.
(footnote: 2)  He discovered drug paraphernalia and arrested Appellee, then found marijuana in a subsequent vehicle search incident to arrest.

Thereafter, Appellee was charged with possession of less than two ounces of marijuana and he filed a pretrial motion to suppress the State’s evidence.  Officer Deweber was the sole witness to testify at the suppression hearing.
(footnote: 3)  After the hearing, the trial judge entered an order granting Appellee’s motion, which contained his findings of fact and conclusions of law.

MOTION TO SUPPRESS 
 

The State argues that the trial court abused its discretion in granting Appellee’s motion to suppress because Officer Deweber had reasonable suspicion to conduct a search for officer safety based on Appellee’s furtive movements, and therefore, he was justified in searching the passenger compartment of Appellee’s vehicle. 

Standard Of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Montanez v. State
, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

Stated another way, when reviewing the trial court’s ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court’s ruling.  
Kelly v. State
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court’s ruling, supports those fact findings.  
Id
.  We then review the trial court’s legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling.  
Id
.  We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.

When the trial court grants a motion to suppress and files accompanying findings of fact and conclusions of law, and the sole witness at the motion to suppress hearing was the arresting officer, the only question before us is whether the trial court properly applied the law to the facts it found.  
See State v. Gray
, 158 S.W.3d 465, 467, 469 (Tex. Crim. App. 2005); 
Carmouche
, 10 S.W.3d at 327-28; 
Guzman
, 955 S.W.2d at 86-87, 89.  This is especially true in a case in which the State has not contested the trial court’s findings of fact and the trial court’s findings show that the court believed the arresting officer but concluded his testimony was insufficient as a matter of law.  
See Ross
, 32 S.W.3d at 856-58; 
Guzman
, 955 S.W.2d at 89.  In this case, we review the trial court’s ruling de novo.  
Gray
, 158 S.W.3d at 467, 469.

Fourth Amendment

The Fourth Amendment protects against unreasonable searches and seizures.  
U.S. Const
. amend. IV.  To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct.  
Torres v. State
, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); 
Ford v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant.  
Torres
, 182 S.W.3d at 902; 
Ford
, 158 S.W.3d at 492.  Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable.  
Torres
, 182 S.W.3d at 902; 
Ford
, 158 S.W.3d at 492.  In this case, it is undisputed that this was a warrantless search.

Whether a search is reasonable is a question of law that we review de novo.  
Kothe v. State
, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004).  Reasonableness is measured by examining the totality of the circumstances.  
Id
. at 63.  It requires a balancing of the public interest and the individual’s right to be free from arbitrary detentions and intrusions.  
Id
.  A search conducted without a warrant is per se unreasonable unless it falls within one of the “specifically defined and well-established” exceptions to the warrant requirement.  
McGee v. State
, 105 S.W.3d 609, 615 (Tex. Crim. App.), 
cert. denied
, 540 U.S. 1004 (2003); 
see Best
, 118 S.W.3d at 862.

Here, the trial court made the following explicit findings of fact:

• The officer was credible in his testimony.

• The officer stopped [Appellee] for failure to signal a turn.

• While the officer was running [a warrant check] on [Appellee] after having contacted him for his driving information, [Appellee] moved as if he were reaching under his seat.

• The officer removed [Appellee] from his automobile and searched him for officer safety and then either searched 
under the seat 
for officer safety or based on consent. (Emphasis added.)

• The officer found [two] marijuana pipes which he identified from smell and placed [Appellee] under arrest for drug paraphernalia. 

Upon reviewing the record, in the light most favorable to the trial court’s ruling, we conclude that the evidence supports these fact findings.  
See Kelly
, 204 S.W.3d at 818.  Therefore, the only question before us is whether the trial court properly applied the law to these facts.  
See Gray
, 158 S.W.3d at 467, 469; 
Carmouche
, 10 S.W.3d at 327-28; 
Guzman
, 955 S.W.2d at 86-87, 89.

The trial court made the following conclusions of law:

• [Appellee] was legally stopped.

• The officer reasonably removed [Appellee] from the motor vehicle and patted him down for a weapon based on his belief that [Appellee] was possibly reaching for a weapon.

• The officer lacked probable cause or reasonable suspicion to 
search the motor vehicle
 for officer safety, because the officer failed to articulate the reason for the 
search of the motor vehicle 
for officer safety. (Emphasis added.)

• The State failed to show by clear and convincing evidence that consent was clearly given, so the search based on consent is denied.
(footnote: 4)
 The State argues that Officer Deweber’s initial search of Appellee’s vehicle was reasonable as a warrant exception for officer safety.  We review de novo the trial court’s legal conclusion on this issue.  
Gray
, 158 S.W.3d at 467, 469.

Officer Safety

An officer who lawfully detains a suspect for the purpose of investigation may conduct a limited search for weapons where it is reasonably warranted for his safety.  
See Hoag v. State
, 728 S.W.2d 375, 380-81 (Tex. Crim. App. 1987); 
see also Terry v. Ohio
, 392 U.S.1, 21-22, 88 S. Ct. 1868, 1880 (1968).  Where officers have temporarily detained a driver under 
Terry
, they may conduct a protective search of those parts of the passenger compartment where a weapon may be hidden if they have a reasonable belief, based on “specific and articulable facts,” that the detainee is dangerous and may gain access to a weapon. 
 See Michigan v. Long
, 463 U.S. 1032, 1049-50, 103 S. Ct. 3469, 3481 (1983) (citing 
Terry
, 392 U.S. at 21, 88 S. Ct. at 1880); 
see also Cunningham v. State
, 11 S.W.3d 436, 440 (Tex. App.—Houston[14th Dist.] 2000, no pet.) (stating that when an officer makes a valid traffic stop, he is entitled to take sufficient measures to guarantee his safety).  Of course, the protective search of a vehicle, being justified solely by the danger that weapons stored there could be used against the officers or bystanders, must be “limited to those areas in which a weapon may be placed or hidden.”  
Long
, 463 U.S. 
at 1049, 103 S. Ct. at 3480-81; 
see also Minnesota v. Dickerson
, 508 U.S. 366, 374, 113 S. Ct. 2130, 2136 (1993).  But if, while conducting a legitimate 
Terry 
search of the vehicle’s interior, the officer discovers contraband other than weapons, he clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances.  
Long
, 463 U.S. at 1050, 88 S. Ct. at 1880.

In the instant case, Officer Deweber testified that he observed Appellee slump down and that he lost complete sight of Appellee’s head.
(footnote: 5)  He testified that this made him think that Appellee was either trying to put something under the seat or retrieve something and that he became concerned that Appellee was either reaching for or trying to hide a weapon.  Marijuana pipes were found in the center console, within easy reach of where Appellee sat before the officer removed him from the vehicle.  Because the console was adjacent to the driver’s seat, and because Officer Deweber saw Appellee acting like he was trying to hide something, it was reasonable for Officer Deweber to include the console in his protective search.  
See
 
Ardoin v. State
, 955 S.W.2d 420, 422 (Tex. App.—Beaumont 1997, no writ) (holding search reasonable when search was limited to specific area where driver was seen leaning).

Appellee argues that the search was not a permissible weapons search because “after Appellee was removed from his vehicle a second officer arrived and stood next to Appellee” at the rear of the vehicle, so that Appellee had no access to the vehicle’s interior.  Because Appellee was being watched by another officer, Appellee claims that Officer Deweber could have had no fear for officer safety.  This reasoning is incorrect.

During an investigative detention, the suspect is “in the control” of the officers in that he may be briefly detained against his will.  
Long
, 463 U.S. at 1051-52, 103 S. Ct. at 3482.  However, he may still break away from police control and retrieve a weapon from his vehicle.  
Id
. at 1051-52, 103 S. Ct. at 3482.  Additionally, if the suspect is not placed under arrest, he will be allowed to reenter his automobile and will then have access to any weapons inside. 
 Id
. at 1051-52, 103 S. Ct. 3482.  Here, around ten p.m., Officer Deweber saw Appellee make furtive movements in the driver’s seat after he stopped Appellee for a traffic violation.  His testimony about his concern for officer safety, combined with Appellee’s furtive movements, provided a sufficient basis to search not only underneath the driver’s seat, but other areas within the passenger compartment where a weapon could reasonably be accessible, even with another officer present.  
See id 
at 1051-52, 103 S. Ct. 3482;
 see also Hoag
,728 S.W.2d at 380-81.  Given these circumstances, we conclude that it was objectively reasonable for Officer Deweber to conduct a protective search that included the console where the marijuana pipes were found.  We sustain the State’s point.

CONCLUSION
 

Having sustained the State’s point, we reverse the trial court’s order granting the motion to suppress and remand the case to the trial court for further proceedings.  
See
 
Tex. R. App. P. 
43.2(d).

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 January 4, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Neither the trial court’s findings of fact nor the suppression hearing record detail the extent of the initial search of the vehicle’s passenger compartment.

3:
Officer Deweber’s squad car was equipped with video equipment that was operating that evening, and he wore a roaming microphone.  The trial court admitted and viewed the tape during the suppression hearing.

4:
The State does not appeal the trial court’s ruling on the consent issue.

5:
The videotape confirms Officer Deweber’s testimony.